**ORIGINAL**

AO 241 (Rev. 09/17)

**3-22CV2078-K**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 19 2022

CLERK, U.S. DISTRICT COURT
By_____ MB
      Deputy

| United States District Court | District: Northern | Docket or Case No.: F2154206 |
|---|---|---|
| Name (under which you were convicted): Thomas C. Sosa Jr. | | |
| Place of Confinement: Hutchins Unit | Prisoner No.: 2374326 | |
| Petitioner (include the name under which you were convicted) Thomas C. Sosa Jr. | v. | Respondent (authorized person having custody of petitioner) State Of Texas |
| The Attorney General of the State of: Gregg Abbot | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Frank Crowley Courts Bldg.
   133 N. Riverfront Blvd. LB 12
   Dallas, Texas 75207-4313

   (b) Criminal docket or case number (if you know): F2154206

2. (a) Date of the judgment of conviction (if you know): December 01, 2021

   (b) Date of sentencing: December 01, 2021

3. Length of sentence: Five (5) Years

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: Aggravated Robbery

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty        ☑ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Criminal District Court No. 6
(b) Docket or case number (if you know): W21-54206X (A)
(c) Result: Denied
(d) Date of result (if you know): May 19, 2022 (May 11, 2022)
(e) Citation to the case (if you know): ____
(f) Grounds raised: (1). Ineffective Assistance Of Counsel
(2). Failure To Investigate Competency

(g) Did you seek further review by a higher state court?    ☑ Yes   ☐ No

If yes, answer the following:
(1) Name of court: Court Of Criminal Appeals Of Texas
(2) Docket or case number (if you know): WR-32,296-05
(3) Result: Denied Without Written Order

AO 241 (Rev. 09/17)

(4) Date of result (if you know): July 13, 2022

(5) Citation to the case (if you know):

(6) Grounds raised: (1). Ineffective Assistance Of Counsel
(2). Failure To Investigate Competency

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: N/A

AO 241 (Rev. 09/17)

    (8) Date of result (if you know): N/A

  (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: N/A

    (8) Date of result (if you know): N/A

  (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: N/A

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

AO 241 (Rev. 09/17)

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes ☒ No

  (7) Result:  N/A

  (8) Date of result (if you know):  N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition: ☒ Yes ☐ No
  (2) Second petition: ☐ Yes ☐ No
  (3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective Assistance Of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel advised Defendant to plea guilty to Aggravated Robbery for which there was no evidence, which counsel did not investigate. Trial counsel refused to explore or explain the essential elements with Defendant of aggravated robbery, failed to file a Motion To Dismiss on grounds of no evidence or corroborating evidence under Tx.C.C.P. Art. 1.15, which would have resulted in the dismissal of the charge.

(b) If you did not exhaust your state remedies on Ground One, explain why:  N/A

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Article 11.07 Application for habeas corpus

Name and location of the court where the motion or petition was filed: Criminal District Court No. 6 Dallas County Texas

Docket or case number (if you know): W21-54206X(A)

Date of the court's decision: May 19, 2022

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court Of Criminal Appeal Of Texas; P.O. Box 12308; Capitol Station; Austin Texas 78701

Docket or case number (if you know): WR-32,296-05

Date of the court's decision: July 13, 2022

Result (attach a copy of the court's opinion or order, if available): Denied Without Written Order

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Failure To Investigate Competency

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At a legal visit, Defendant told counsel that he was a 20-plus years mental health patient under MHMRA that took medication for bi-polar/depression. Counsel failed to hire a mitigation expert and/or mental health profession at Defendant's request. Defendant has suffered for over twenty (20) years with severe mental illness, as Counsel's failure to explore insanity defense, investigate competency, failure to explore mental illness as a mitigating factor or otherwise otherwise defense, violated State and/or federal due process rights constitute ineffective Assistance

(b) If you did not exhaust your state remedies on Ground Two, explain why: of counsel

N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Article 11.07 application for habeas Relief

Name and location of the court where the motion or petition was filed: Court of Criminal Appeals of Texas; P.O. Box 12308 Capitol Station; Austin Texas 78701

Docket or case number (if you know): WR-32,296-05

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: July 13, 2022 or May 11, 2022

Result (attach a copy of the court's opinion or order, if available): Denied Without Written Order

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:** Actual Innocence & Miscarriage Of Justice = Amendments 6th, 14th Violation!

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Attorney Charles Maduka denied the Court & Petitioner's Relief Requested expert investigator. Whom would had provided new reliable evidence of actual innocence. Thus kept from the Court that No video inside or outside the 7/11 store in Dallas Texas. Will show No essential element of aggravated robbery.

Page 9 of 16

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  ☒ No
(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground Three: Actual Innocence & Miscarriage Of Justice= Amendments 6th, 14th Violation, consist of issues ore-hestrated in the Article 11.07 "Petitioner's Supplemental Memorandum... that the lower courts completely ignore, filed June 23, 2022!

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
   N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: N/A

(c) At trial: Attorney Charles Maduka, 2201 Main St., Suite #800, Dallas Texas 75201

(d) At sentencing: Attorney Charles Maduka, 2201 Main St., Suite #800, Dallas Texas 75201

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

Page 14 of 16

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Evidentiary Hearing; Reverse & Remand; Expunge W21-54206 X (A) Aggravated Robbery From Record; Release from custody.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on Sep. 12, 2022 (date).

Mr. Jones Sr. # 668562
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Page 16 of 16

September 12, 2022

Clerk
United State District Court
1100 Commerce Street
Dallas, Texas 75242

RECEIVED
SEP 19 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Re: (1). Criminal District Court No. 6 Memorandum
    (2). Application To Proceed In Forma Pauperis
    (3). 28 U.S.C. §2254 Writ Of Habeas Corpus

Will you let me know, is Cause No. (s): W21-54206-X(A) is the cause number for the §2254 Writ of Habeas Corpus, as said on the District Court's memorandum?

Please file the following as soon as possible!

Respectfully Submitted,
Mr. Jomas Sora
#2374326
Hutchins Unit
1500 E. Langdon Rd.
Dallas, Texas 75241



*Received Thursday, Sep-08 2022*

# CRIMINAL DISTRICT COURT NO. 6
# JUDGE JEANINE HOWARD

DATE: 8/25/2022

DEFENDANT: Thomas C. Sosa Jr.            CAUSE NO. (S): W21-54206-X(A)

RE: Habeas Corpus Writ Correspondence

**Defendant's Request is:**   ☐ Illegible   ☐ Unclear as to your question / problem

**The Status of Your Writ is:**

☒ Application for Writ of Habeas Corpus Received: **5/11/2022**

☒ District Attorney Served with Application on: **5/11/2022**

☒ State's Response Received: **5/19/2022**

☐ Court's Findings of Fact and Conclusion of Law Received:

☐ Order Finding No Controverted Issues Received:

☐ Order of Designated Issues Received:

☐ Clerk's Record Due to Court of Criminal Appeals on:

☒ Clerk's Records Sent to Court of Criminal Appeals on: **6/30/2022**

☐ Habeas Corpus Writ Currently Pending in Court of Criminal Appeals

☐ Court of Criminal Appeals order received requiring additional documentation from trial court received on:

☐ Court of Criminal Appeals Opinion Received:

☒ Court of Criminal Appeal Mandate Received: **7/13/2022**

   Writ has been ☐ Affirmed ☐ Dismissed ☒ Denied

**The following copies are attached as requested:**

   (3) 28 USC 2254

   (3) In Forma Pauperis

   Please file your documents with the US District Court:

☒ **OTHER:** United State District Court
1100 Commerce Street
Dallas, TX 75242

ORIGINAL

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 1 of 16

Thomas C. Sosa Jr.
#2374326
Hutchins Unit
1500 E. Langdon Rd.
Dallas, Texas 75241





Clerk
U.S. District Court
1100 Commerce Street
Dallas, Texas 75242