IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Thomas C. Sosa Jr.
Petitioner

vs.                                    No. 3:22-cv-2078-K-BN

TDCJ Director
Respondent

## MOTION LEAVE TO AMEND OR SUPPLEMENT

COMES NOW Petitioner Sosa through Case No. 3:24-cv-75-E-BK Document 9 filed February 22, 2024. Recommended this following motion to Amend and/or supplement, is as followed:

### I

Because No. 3:22-cv-2078-K-BN has been forgotten for a couple of years. Petitioner was

-1-

forced to file Case 3:24-cv-75-E-BK challenging his Dallas County conviction for aggravated robbery in Case No. F21-54206. Petitioner complains that the State criminal court failed to make factual findings about his actual innocence with newly discovered evidence (two video tapes from 7-Eleven store, which he claims are maintained by the District Attorney's office).

## II

A review of this Court's records, confirm that the Court of Criminal Appeals of Texas never reached the merits of prior Writ. That permitted Petitioner to file the September 9, 2023 subsequent 11.07 Application under Code of Criminal Procedure 11.07 §§ 4(a)(1)-(2). However, Again, the Court of Criminal Appeals dismiss without written order. "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interest." See Mitchell v. Deseret Health Care Facility, 2013 U.S. Dist. LEXIS 154136 (D. Kan. September 2013).

## III

This Honorable Court will confirm, that the

-2-

newly discovered evidence (two video tapes from the 7-Eleven store said to be maintained by the District Attorney's office). Are **missing**, because the deficiency of the defense attorney representation, for failing to investigate any evidence maintained by the District Attorney's office. Whom **refused** numerous times at Petitioner's request, to retrieve the evidence. That would prove Petitioner was **Not** at a time and place, make it impossible for him to have committed aggravated robbery. Such newly discovered evidence, that would exonerate one's self of committing aggravated robbery.

## IV

The records before this Court will conclude, that Petitioner has been denied Court-Appointed Attorney, discovery and/or evidentiary hearing in <u>Case No. 3:22-cv-2078-K-BN</u> far too long in his actual innocence claim. That has prevented Petitioner to prove his factual allegations, to entitle him federal habeas relief. See <u>Schriro v. Landrigan, 550 U.S. 465</u> (May 2007).

## V

Because, under the actual innocence exception

-3-

circumstances presented in this case. The newly discovered evidence **Not** Adjudicated (two video tapes from the 7-Eleven store maintained by the District Attorney's office). Known, but not presented due to the ineffective assistance of Petitioner's counsel. Actual innocence evidence, showing it is more likely than not no juror would have voted to convict him. The District Court should undertake a holistic assessment of the new reliable evidence and review Petitioner's actual innocence claim on the merits under the applicable AEDPA standard of review. See McQuiggin v. Perkins, 569 U.S. 383 (May 28, 2013).

## VI

Now, granted leave to Amend or supplement his petition in Cause No. 3:22-cv-2078-K-B to raise any other arguments, as recommended on February 22, 2024 in Case 3:24-cv-75-E-BK Document 9. This Court finds Petitioner has been denied Trial By Jury; Denied Counsel; Denied Right To Testify violating his 6th, 14th Amendment Rights.

## V

In view as required by Rule 5(c) of the

<u>Rules Governing Section 2254 Cases in the United States District Courts</u>. That this Court direct Respondent And/or Dallas District Attorney's office. Allowing Petitioner to review the relevant newly discovered evidence (the two video tapes from a 7-Eleven store, maintained by the District Attorney's office), with the Arrest/offense reports in <u>Cause No. F21-54206</u>. That Petitioner confirms that the District Attorney's office does **Not** maintain any evidence, because Aggravated Robbery never occurred by the Petitioner. That warrant an evidentiary hearing, because a factual dispute exist since Petitioner present factual allegations that support his amended or supplement arguments, that support his denied Trial By Jury; Denied Counsel; Denied Right To Testify, claims. And, As the allegations are **Not** contradicted by the records and they were not inherently incredible. <u>See Martin v. United States, 889 F.3d 827 (May 14, 2018)</u>. Martin

## CONCLUSION

Wherefore Premises Considered, Petitioner prays that this Honorable Court grant this hereto with Order. Remand this case, directing the Respondent to transport Petitioner back to the Criminal District Court No. 6 Dallas County Texas for a hearing. With

-5-

the newly discovered evidence (two video tapes from a 7-Eleven store maintained by the District Attorney's office), with the arrest/offense reports in Cause No. F21-54206. So that Petitioner may give testimony in his Actual innocence claim. Executed came the 1st day of March, 2023.

Respectfully Submitted,
Mr. Thomas Sosa
Mr. Thomas C. Sosa Jr.
# 2374324
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

- 6 -

March 1, 2024

Clerk
U.S. District Court
1100 Commerce, Rm. #1452
Dallas, Texas 75242-1495

RECEIVED
MAR 12 2024   KR
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Re: (1). No. 3:22-cv-2078-K-BN
    (2). Motion Leave To Amend Or Supplement

Enclosed, find the following above and please file, such with this Honorable Court as soon as possible!

Respectfully Submitted,
Mr. Thomas Sosa
_____
Mr. Thomas C. Sosa Jr.
#2374326
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351



Mr. Thomas C. Sosa Jr.
# 2374326
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

Clerk
U.S. District Court
1100 Commerce, Rm. # 1452
Dallas, Texas 75242-1495

RECEIVED
MAR 12 2024